ABRAHAM WOOD *et al.*

*v.*

ISAAC D. RAWLINGS *et al.*

MECHANIC'S LIEN—*as against prior lien of record.*   Where the grantors of land reserved a lien in their deed on the premises for the unpaid purchase money, and. after the recording of the deed other parties erected a building on the land for the grantees, and obtained a decree for a mechanic's lien, subject to the vendor's lien, and on the faith of this decree the complainant purchased the notes given for the purchase money, and filed his bill to enforce the vendor's lien, and .the court decreed in favor of such lien, declaring it prior to the mechanic's lien, and ordered a sale of the land: *Held,* that the decree enforcing the vendor's lien was proper, and that those holding the mechanic's lien were concluded by the decree in their own case from disputing the priority of the vendor's lien; that the deed reserving the lien being recorded when the mechanics made their contract, was notice to them, and that they were estopped from alleging mistakes in their own proceedings, after the complainant bought the notes on the faith of their decree.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

This was a bill, filed by Cyrus Matthews against Joseph A. Meeks, Andrew H. Meeks, William G. Gallaher, Alexander Edgmon, Wilson J. Larimore, Abraham Wood, and James Montgomery. The object of the bill and facts of the case are stated in the opinion. The complainant having died, his administrator, Isaac D. Rawlings, was substituted as complainant, and a decree rendered in conformity to the prayer of the bill. From this decree Wood and Montgomery appealed.

Messrs. DUMMER & BROWN, for the appellants.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

August 24, 1869, Gallaher and Edgmon, being the owners, sold and conveyed the premises in question to the two Meeks for the consideration of $4700. All the purchase money (except $500 paid down) was secured by the Meeks giving their seven promissory notes, one being payable in each year, successively, the sellers reserving in their deed a vendor's lien for the unpaid purchase money. That deed was immediately put of record. August 31, 1869, the Meeks executed a mortgage on the premises to one Larimore, to secure the sum of $585, which was recorded the same day; and in the following September entered into contract with Wood and Montgomery to erect a building on the premises; they, furnishing thereunder materials and labor, afterwards filed their petition in the circuit court for a mechanic's lien, making Gallaher and Edgmon, but not Larimore, parties defendant. The former answered, and the court, Feb. 21, 1871, rendered a decree in favor of petitioners, finding an indebtedness from the Meeks for work and materials to the amount of $982, which was declared a lien, but inferior to that of Gallaher and Edgmon reserved by their deed, and the premises were ordered sold, subject to their lien. Matthews purchased the unpaid notes given by the Meeks to Gallaher and Edgmon for the purchase money, after the rendition of and upon the

faith of appellants' decree, and filed the bill in this present case to enforce the vendor's lien reserved by the deed aforesaid. He having died pending the suit, his administrator was substituted, and a decree rendered declaring the lien, its priority over other liens, and for foreclosure and sale. From that decree Wood and Montgomery, who were parties, have appealed to this court.

The court is of opinion that the decree is right. Under no possible aspect of the circumstances of the case could appellants establish any defense. They were concluded by the decree in their own case, and, if they were not, the vendor's lien being reserved in the deed, and that put upon record before their contract with the Meeks, they are chargeable with notice, and the vendor's lien is paramount.

They are estopped from alleging mistakes in their own proceedings, after Matthews was induced to purchase the notes on the strength of that decree making their lien subject to that of the vendors.

The decree of the court below will be affirmed.

*Decree affirmed.*